UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIO CESAR LOPEZ PENA,<br><br>      Plaintiff,<br><br>      -against-<br><br>TERRY COLE, DEA, ARRESTING OFFICER; JAY WINEBERG, FBI, SPECIAL AGENT; JUDGE DENNY CHIN; JUDGE DOUGLAS F. EATON; MAGISTRATE JUDGE ANDREW J. PECK; JUDGE ROBERT W. SWEET; JUDGE RONALD L. ELLIS; JUDGE FRANK MAAS; KEVIN RONALD PUVALOWSKI, UNITED STATES (S.D.N.Y.) LAWYER; REBBECA ANN MONK, UNITED STATES (S.D.N.Y.) LAWYER; MARC BERGER, UNITED STATES (S.D.N.Y.) LAWYER; BOYD JOHNSON III, UNITED STATES (S.D.N.Y.) LAWYER; AMY FINZI, UNITED STATES (S.D.N.Y.) LAWYER; REBECCA RICIGLIANO, UNITED STATES (S.D.N.Y.) LAWYER; PREET BHARARA, UNITED STATES (S.D.N.Y.) LAWYER; DAVID N. KELEY, , UNITED STATES (S.D.N.Y.) LAWYER; WALTER J. QUINN, PROBATION OFFICER (P.S.I.); MARY ELLEN WARLOW, DIRECTOR, OFFICE OF INTERNATIONAL AFFAIRS, CRIMINAL DIVISION, WASHINGTON, DC,<br><br>      Defendants. | 19-CV-10276 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, currently incarcerated in F.C.I. Allenwood in White Deer, Pennsylvania, brings this *pro se* action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants violated his constitutional rights. By order dated

January 21, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

A review of this Court's records reveals that Plaintiff Julio Cesar Lopez Pena is currently incarcerated in FCI Allenwood as a result his conviction in this Court of one count of conspiracy to import cocaine into the United States. *See United States v. Lopez-Pena*, ECF 1:05-CR-0191, 71 (S.D.N.Y. June 12, 2008). He was sentenced to 540 months' incarceration, to be followed by five years' supervised release. Plaintiff filed several motions to challenge this conviction, and he also filed a motion under 28 U.S.C. § 2255 that was decided on the merits, s*ee Lopez-Pena v. United States*, ECF 1:10-CV-7381, 11 (May 2, 2011). Plaintiff's most recent challenge of this conviction was filed on July 15, 2019, and that motion was transferred to the United States Court of Appeals for the Second Circuit by order dated October 15, 2019. *See United States v. Lopez-Pena*, ECF 1:05-CR-0191, 124.

Plaintiff's complaint is not the model of clarity, but it appears that he brings this action as another attempt to challenge this conviction. Named as Defendants are officers of the Drug Enforcement Agency (DEA) and the Federal Bureau of Investigations (FBI); several judges of this Court; several Assistant United States Attorneys from the U.S. Attorney's Office, Southern District of New York; a probation officer; and the Director of the Office of International Affairs,

3

Criminal Division. He alleges that Defendants "are legally responsible for violating the plaintiff's due process rights, depriving him of any substantive due process as stipulated for in the Fourteenth Amendment, affecting his liberty interest to be free from prosecution without probable cause, and for placing him in custody unlawfully." (ECF No. 1 at ¶5.) He seeks monetary damages and injunctive and declaratory relief.

## DISCUSSION

**A.     Claims Under *Bivens***

A plaintiff may bring *Bivens* claims against a federal official to seek redress for a violation of his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [42 U.S.C. § 1983]."). But *Bivens* relief is available only against federal officials who are personally liable for the alleged constitutional violations, not against the United States. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017); *Turkmen v. Hasty,* 789 F3d 218, 233 (2d Cir. 2015); *FDIC*, 510 U.S. at 484-86; *Hightower v. United States*, 205 F. Supp. 2d 146, 155 (S.D.N.Y.2002). Further, "*Bivens* claims do not lie against federal employees in their official capacities, because such suits are considered actions against the United States and are barred by the doctrine of sovereign immunity." *Wright v. Condit*, No. 13-CV-2849, 2015 WL 708607, at *1 (S.D.N.Y. Feb. 18, 2015) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). Plaintiff therefore cannot pursue his constitutional claims against the United States or against the individual defendants in their official capacities.

Moreover, the Supreme Court has implied a damages remedy against federal employees under *Bivens* in only three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971), (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and (3) inadequate medical treatment of an

4

inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). Recently, "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), and a *Bivens* remedy is not available, "where there are 'special factors counselling hesitation in the absence of affirmative action by Congress,'" *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (quoting *Carlson*, 446 U.S. at 18).

Moreover, when a prisoner seeks damages in a *Bivens* action, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Here, Plaintiff is indirectly challenging his conviction by alleging that Defendants violated his rights, but Plaintiff fails to allege that his conviction has been reversed or called into question in any way by a court authorized to make such determinations. In fact, Plaintiff unsuccessfully challenged the validity of his conviction. He therefore fails to sate a *Bivens* claim.

**B.  Judicial Immunity**

Even if Plaintiff were able to assert a viable claim, his claims against United States Circuit Judge Denny Chin, retired Magistrate Judge Douglas F. Eaton, retired Magistrate Judge Andrew J. Peck, now-deceased Judge Robert W. Sweet, retired Magistrate Judge Ronald L. Ellis, and retired Magistrate Judge Frank Maas must be dismissed.

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature."

*Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against these Defendants arise of out of their rulings and actions while presiding over Plaintiff's cases in this Court; such rulings and actions were within the scope of their judicial capacities and jurisdiction. The Court therefore dismisses Plaintiff's claims against these Defendants under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

C.  **Prosecutorial Immunity**

Plaintiff's claims against Kevin Ronald Puvalowski, Rebbeca Ann Monk, Marc Berger, Boyd Johnson III, Amy Finzi, Rebecca Ricigliano, Preet Bharara, and David N. Keley must also be dismissed.

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against these Defendants are based on actions within the scope of their official duties as prosecutors for the United States Attorney's Office for the Southern District of New York. Therefore, these claims are dismissed because they seek monetary relief against Defendants who are immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

D.  **Sovereign Immunity and the Federal Torts Claims Act (FTCA)**

Plaintiff's claims against Terry Cole, DEA Arresting Officer; Jay Wineberg, FBI Special Agent; Walter J. Quinn, Probation Officer; and Mary Ellen Warlow, Director, Office of Internal Affairs, must also be dismissed.

7

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against its agencies, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). But before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013).

Pursuant to the FTCA, tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or an action must be commenced within six months of when the agency issued its final denial of administrative remedy. *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, ECF 1:17-CV-7325, 17, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018); *see also* 28 U.S.C. § 2401(b). "Failure to exhaust the agency's administrative remedies within the statute of limitations will render the claim 'forever barred.'" *See id.* (citing *Castellanos v. Elrac Inc.*, No. 07-CV-2191 (DLE) (KAM), 2008 WL 919641, at *2 (E.D.N.Y. Apr. 3, 2008)). The exhaustion requirement is jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76, 82 (2d Cir. 2005).

Here, there is no indication that Plaintiff has exhausted his administrative remedies under the FTCA. Therefore, to the extent that Plaintiff seeks to assert claims against these additional

federal Defendants, the Court must dismiss Plaintiff's claims as barred by the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**E.     Challenge to Conviction and Sentence**

To the extent that Plaintiff seeks to challenge his conviction, the proper vehicle is a motion under 28 U.S.C. § 2255. A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Because Plaintiff has already sought relief under § 2255, and his previous motion was decided on the merits, he must move in the United States Court of Appeals for the Second Circuit for permission to pursue a second and successive motion. *See* 28 U.S.C. § 2244(b)(3)(A).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     January 31, 2020
             New York, New York

                                                          COLLEEN McMAHON
                                                Chief United States District Judge